## WATERBURY *v.* STURTEVANT, 18 Wend. 353.

### *Fraudulent Conveyance.*

APPEAL from the Chancellor.  Bill by judgment creditor to set aside a conveyance as fraudulent by one of two partners (sons to appellant) of his separate real estate to his father, in payment of a partnership debt.

Sturtevant the plaintiff, had recovered a verdict against J. Waterbury, one of the partners, for $5,000 on the 9th of October, 1828, on which judgment could not be entered up until the 18th of October.  On the 11th of October, he executed to his father the conveyance sought to be set aside, of his sole property in the city of New York; the father held the joint note of his sons for $6,500, which on receiving the conveyance he delivered up, and took the note of the other son for the balance.

The Vice Chancellor held N. W. the father, (who denied all knowledge of the property of the sons, except the property in question, and *all intent to defraud* the creditor, and insisted that his sole object was to obtain satisfaction of his debt,) entitled to protection as *bona fide purchaser.*

The Chancellor held, on the other hand, that as the father had not denied all *knowledge or suspicion* of his son's object in making the conveyance, he was satisfied that he could not do it, and that he was therefore bound to declare the assignment to the father fraudulent.  He therefore reversed that part of the decree of the Vice Chancellor.

The Court of Errors however held, " that the father notwithstanding the *verdict* against his son, might lawfully secure a preference in satisfaction of a *bona fide* debt due to him, and thus prevent the lien of the verdict attaching to the real estate."

" That when the creditor taking such conveyance, does so with intent to defraud the creditor who has obtained the verdict, (as if he has other security of the debtor, &c.,) that will constitute such a fraud as to invalidate the assignment; but that taking such an assignment is not *per se* fraudulent

23

or evidence of fraud, as he shows a legal motive for taking the assignment, and it was received in payment of a *bona fide* debt.

Decree of the Chancellor *reversed*, by 14 to 9.